**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **C.W., T.W., A.W., and J.W.**

**No. 18-0414** (Randolph County 2017-JA-010, 011, 012, and 2018-JA-012)

## MEMORANDUM DECISION

Petitioner Father R.W., by counsel G. Philip Davis, appeals the Circuit Court of Randolph County's April 17, 2018, order terminating his parental rights to C.W., T.W., A.W., and J.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, the DHHR filed a petition alleging that petitioner and the mother abused controlled substances in the home and that A.W. was born drug-exposed. In addition, the DHHR alleged that petitioner's home lacked essential utilities, such as water and sewage. In February of 2017, the DHHR filed an amended petition alleging that petitioner and the mother tested positive for methamphetamine and amphetamine in addition to their prescribed buprenorphine. Later that month, petitioner stipulated to the allegations of abuse and neglect and was adjudicated as an abusing parent. Petitioner moved for a post-adjudicatory improvement and the circuit court granted that motion.

In November of 2017, the circuit court held a second adjudicatory hearing on allegations of sexual abuse against petitioner. According to their foster mother, both T.W. and C.W. reported sexual abuse by petitioner. Both children were forensically interviewed and C.W.'s interview was consistent with his prior statements to the foster mother. T.W.'s age made her difficult to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

interview. Following the hearing, the circuit court found that the children were sexually abused and adjudicated petitioner as an abusing parent.[2]

In January of 2018, the DHHR filed a third amended petition alleging that petitioner's child, J.W., was born with drugs in the child's system. The circuit court adjudicated petitioner as an abusing parent to J.W. in February of 2018 on the basis of his sexual abuse of T.W. and C.W. Subsequently, the DHHR moved for the termination of petitioner's parental rights.

The circuit court held the final dispositional hearing in April of 2018 and petitioner moved for a dispositional improvement period. The circuit court noted petitioner's prior adjudication for sexual abuse of T.W. and C.W. The circuit court further noted that petitioner was incarcerated until March of 2018 when he made bond and then again incarcerated after violating his bond conditions. The circuit court reasoned that the allegations of sexual abuse could not be addressed through an improvement period. Ultimately, the circuit court denied petitioner's motion for an improvement period and terminated his parental rights in its April 17, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner's argument is not persuasive. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate a

---

[2]According to petitioner's brief, he was charged with first-degree sexual assault in September of 2017 and subsequently incarcerated.

[3]The mother's parental rights were also terminated by this order. According to the parties, the permanency plan for the children is adoption in their current foster placement.

parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that terminating parental rights is necessary for the welfare of the child. Additionally, West Virginia Code § 49-4-604(c)(5) provides that no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected occurs when "[t]he abusing parent . . . [has] sexually abused or sexually exploited the child, and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems."

The circuit court correctly found that there was no reasonable likelihood that the conditions of neglect or abuse could be corrected in the near future because petitioner sexually abused C.W. and T.W. The record shows that the children made consistent statements regarding the abuse and the circuit court found that petitioner sexually abused the children. Petitioner does not challenge these findings on appeal. Further, it was necessary for the children's welfare to terminate petitioner's parental rights, which serves both to protect the children from continued abuse and to allow the children to achieve permanency. Finally, petitioner acknowledges our previous holding that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The circuit court made the proper findings to support termination of parental rights, and we find no error in those findings. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 17, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 19, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

3